UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHELLE R. BRIONES, | ) | NO. ED CV 05-884-CT |
| Plaintiff, | ) | OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

SUMMARY OF PROCEEDINGS

On September 21, 2005, plaintiff, Richelle R. Briones ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On October 1, 2005, the parties filed a consent to proceed before the magistrate judge. On December 22, 2005, plaintiff filed a brief in support of complaint. On January 23, 2006, the Commissioner filed defendant's brief in opposition to plaintiff's complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On June 3, 2003, plaintiff filed an application for disability insurance benefits and on July 15, 2004, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since August 20, 2003 due to pain. (TR 60-62, 66-75, 319-21).[1] The applications were denied initially and upon reconsideration. (TR 42-45, 49-53).

On June 3, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 56). On May 16, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 322-49). The ALJ also considered vocational expert ("VE") testimony. On June 8, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits because she did not have any severe impairments. (TR 11-16). On July 5, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 6). On August 5, 2005, the request was denied. (TR 3-5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends that the ALJ's conclusion that she does not have severe impairments, which would significantly limit her ability to work, is not supported by substantial evidence.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

3

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2. Impairment

Plaintiff contends that the ALJ erred in concluding at step two of the sequential evaluation that her "complex regional pain syndrome" is

4

1  not a severe impairment under the Act.[2]

2    A severe impairment or combination of impairments is one that
3  significantly limits the physical or mental ability to perform basic
4  work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work
5  activities relate to the abilities and aptitudes necessary to perform
6  most jobs, such as the ability to perform physical functions, the
7  capacity for seeing and hearing, and the ability to use judgment,
8  respond to supervisors, and deal with changes in the work setting.
9  20 C.F.R. §§ 404.1521(b), 416.921(b); <u>Bowen v. Yuckert</u>, 482 U.S. at
10 141-42.  The Ninth Circuit has defined the step-two inquiry as a "de
11 minimis screening device to dispose of groundless claims."  <u>Edlund v.
12 Massanari</u>, 253 F.3d 1152, 1158 (9th Cir. 2001) (citing <u>Smolen v. Chater</u>,
13 80 F.3d 1273, 1290 (9th Cir. 1996)).

14    Here, the ALJ determined at step two of the sequential evaluation
15 that plaintiff has no severe or functionally limiting physical or mental
16 impairment.  (TR 13, 15).  With respect to plaintiff's complaints of
17 disabling pain, the ALJ reasoned that since plaintiff's various
18 laboratory studies and scans were essentially normal, plaintiff did not
19 establish any medically determinable impairment which would reasonably
20 be expected to produce the limitations plaintiff asserted.  (TR 12-15).

21    Although the ALJ's opinion is well-reasoned and would be supported
22 by substantial evidence in the case of most impairments, the record is

---

[2]  "Complex Regional Pain Syndrome" is defined by the National Institute of Health ("NIH") website as a chronic pain condition.  The symptom is continuous intense pain out of proportion to the severity of the injuries.  "Reflex Sympathetic Dystrophy" is an older term used to describe the same thing.  <u>See</u> www.ninds.nih.gov

5

not sufficiently developed to determine whether complex regional pain disorder "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." See Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004) (discussing the diagnosis of fibromyalgia). Id. Here, plaintiff has consistently reported to her treating physicians that she is experiencing pain, and has undergone multiple nerve blocks in an attempt to alleviate her reported pain. (See, e.g., TR 140, 142, 143, 151, 152, 155). The medical expert testified that chronic regional pain syndrome is "a rather unusual cause of pain." (TR 344). However, plaintiff's treating physicians have concluded that plaintiff is suffering from complex regional pain disorder which is alternatively termed reflex sympathetic dystrophy ("RSD"). (See, e.g., TR 146, 149, 155, 157, 159, 160, 210, 179, 288, 307). Cf. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005)(affirming Commissioner's denial of benefits because of non-severe impairments where treating physician was unable to establish a definite neurological diagnosis).

The physical consultative examination in this case was done by an orthopedist. (TR 171). It may be that a different specialist would be better qualified to opine as to the existence of this condition and the limitations, if any, it causes in plaintiff's case.

This court concludes that the ALJ's conclusion at step two of the sequential evaluation that plaintiff does not have a severe impairment is not supported by substantial evidence. Therefore, remand is warranted to further develop the record. On remand, the Commissioner may wish to have plaintiff evaluated by an appropriate specialist. The Commissioner may wish to have plaintiff's treating physicians state the reasons for their diagnoses. The Commissioner should also continue the

sequential evaluation beyond step 2. See <u>Webb v. Barnhart</u>, ___ F.3 ___ 2005 WL 3544685 (9th Cir. 2005).

### REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1232 (9th Cir. 1987). While it may well be that plaintiff can perform some substantial gainful activity, remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d at 603.

Having considered the record as a whole, it appears that the present record is insufficiently developed.

### CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative action consistent with this opinion.

This opinion constitutes the court's findings of fact and conclusions of law.

DATED: January 24, 2006

                                 /S/
                                 CAROLYN TURCHIN
                                 UNITED STATES MAGISTRATE JUDGE